UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| T. BUCHANAN, | ) Case No.: 1:11-cv-00347 JLT (PC) |
|---|---|
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) |
| FRANK CHAVEZ, et. al, | ) (Doc. 1) |
| Defendants. | ) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint filed on April 25, 2011. (Doc. 1) As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.    Screening Requirement**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II.     PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III.    Plaintiff's allegations

Plaintiff alleges that while housed at Sierra Conservation Camp on May 4, 2010, he was being transported in a prison van. (Doc. 1 at 7) He was fully shackled and seated in a secure cage in the back of the prison van. Id. During the trip, the van became involved in a car accident. Id. Two ambulances—one operated by a non-prison company and one by the prison—arrived at the scene. Id. at 8. None of the paramedics in either ambulance offered assistance to Plaintiff. Id.

Apparently, in response to a denial of an unrelated grievance, on August 9, 2000, Plaintiff submitted a prison grievance relating to the failure to provide him medical care related to the car accident, three months earlier. (Doc. 1 at 8, 14) Though Plaintiff attaches the prison's responses to his subsequently-submitted grievance related to the car accident, he alleges that the information provided in them by the prison officials is not correct. Id. at 8-11) For example, though the response details that he was seen by Dr. Krpan the day after the accident, Plaintiff claims, "this statement is inaccurate in its entirety." Id. at 10. Therefore, though Plaintiff attaches various responses provided by the prison related to his grievance, he disputes that these documents are accurate such that the Court cannot rely upon them to elucidate Plaintiff's claim.

### IV.    The complaint must be dismissed because it fails to state a claim

#### A.    Eighth Amendment – Denial of medical care

To state a claim for constitutionally inadequate medical care under the Eighth Amendment, the plaintiff must allege that (1) he objectively has a "serious medical need" and (2) that the defendant subjectively responded with "deliberate indifference" to that need. McGuckin v. Smith, 974 F.2d

1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104); accord Jett v. Penner, 439 F.3d 1091, 1096 (2006); Clement, 298 F.3d at 904.  Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).   It is not met through a showing of medical malpractice and requires "more than mere negligence or isolated occurrences of neglect." Wood, 900 F.2d 1334; see also Toguchi, 391 F.3d at 1060; Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (mere medical malpractice insufficient to constitute Eighth Amendment violation); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Instead, it requires a showing of "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id.; McGuckin, 974 F.2d at 1060.

Here, it is unclear what Plaintiff contends Defendants did wrong.  None were at the accident scene such to ensure he received medical there nor are there any facts alleged that they were even aware had been in a car accident until three months later when Plaintiff finally complained about this in an unrelated grievance.  In fact, though Plaintiff asserts that Defendants were deliberately indifferent to his serious medical condition, Plaintiff fails to describe at all just what serious medical condition he suffered in the car accident.[1]  Likewise, he fails to provide any factual support for his conclusion that Defendants were deliberately indifferent to this condition.

Seemingly, Plaintiff objects to how Defendants responded to his grievance but, because he is not constitutionally entitled to a grievance process at all, this does not state a claim for violation of the Eighth Amendment.  Instead, it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th

---

[1] The fact that Plaintiff waited three months to bring this denial of medical care to the prison officials' attention and then did so only in passing when responding to a denial of an entirely unrelated grievance, causes the Court significant concern that Plaintiff is confabulating his claim.

1  Cir.2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988)). When a prison official fails to
2  process or respond to an inmate's grievance—or when he responds in a way that is contrary to
3  Plaintiff's wishes--he does not, without more, commit a constitutional violation. See Buckley v.
4  Barlow, 997 F.2d 494, 495 (8th Cir.1993) (prison grievance system is procedural and does not afford
5  an inmate separate substantive rights).  Thus, the complaint must be **DISMISSED**.

### 1. § 1983 claims against employees in their official capacity violates the Eleventh Amendment

8  Plaintiff names each of the Defendants in their official capacities.  (Doc. 1 at 2-3)  However,
9  naming an employee in his official capacity is "in all respects other than name, to be treated as a suit
10 against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Will v. Mich. Dep't of State
11 Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment provides immunity to any State in any type
12 of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens
13 of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.  Therefore,
14 "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will,
15 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the
16 official but rather is a suit against the official's office.").  Therefore, the complaint in the Defendants'
17 official capacities as it relates to the § 1983 claim, is **DISMISSED**.

### B. Failure to link any Defendant to any alleged constitutional violation

19 To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either
20 exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of
21 acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict
22 the constitutional injury." Johnson, 588 F. 2d at 743-744.  There must be an actual causal link
23 between the actions of the named defendants and the alleged constitutional deprivation.  See Monell v.
24 Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto,
25 633 F.2d 164, 167 (9th Cir. 1980).  The complaint must specifically allege how each named defendant
26 is liable for the claimed deprivation.
27 However, Plaintiff fails to describe any unconstitutional action taken by any defendant.  (Doc.
28 1)  Plaintiff does not present any facts–and, in fact, does not even contend–that any Defendant had any

personal role in the failure to provide him medical care Plaintiff, that they condoned it or, even, were aware of it. Thus, Plaintiff has not stated a claim and the complaint must be **DISMISSED**.

### V. Leave to Amend

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order, except as to the FBI which the Court denies leave to amend. See <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his second amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.**

In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

### IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is (Doc. 1) is **DISMISSED with leave to amend**;
2. Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that addresses the deficiencies set forth in this order. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";
3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **January 2, 2013**                             **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE